**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

Mariselis FERRAL RODRIGUEZ,

Gretel MONTALVO FROMETA,

Reinel LEIVA CRUZ,

Ana Zoraya SANCHEZ RAMOS,

Lisay VOLTA BRING,

Davel RAMIREZ SANCHO,

Reinaldo Ricardo RIVERO RODRIGUEZ,

Zuleini Lisbeth PADRON HERNANDEZ,

Vicente MESA DIAZ,

Mercedes Herminia ROSS SALAZAR,

Ramon Elieser BALLESTER LICEA,

Roendris DRANGUET JORDAN,

Genrry LICEA TORRES,

Reinier ISIDRON INVERNON, *et al.,*

        Plaintiffs,

v.

**ALEJANDRO MAYORKAS,** in his official capacity as the United States Secretary of Homeland Security,

**ANTONY BLINKEN,** in his official capacity as the United States Secretary of State,

        Defendants.

Case No. _____

**CLASS ACTION**
**COMPLAINT FOR DECLARATORY**
**AND INJUNCTIVE RELIEF**

## CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Summary of Claim ................................................................................................1

Jurisdiction .........................................................................................................5

Venue .................................................................................................................5

Exhaustion of Remedies .....................................................................................6

Parties ................................................................................................................6

Relevant Factual Allegations

    Class A

        I.      Mariselis FERRAL RODRIGUEZ ....................................................12

        II.     Gretel MONTALVO FROMETA ......................................................13

        III.    Reinel LEIVA CRUZ .......................................................................13

        IV.    Ana Zoraya SANCHEZ RAMOS ......................................................14

        V.     Lisay VOLTA BRING, LISAY .........................................................15

        VI.    Davel RAMIREZ SANCHO................................................................15

        VII.   Reinaldo Ricardo RIVERO RODRIGUEZ ........................................16

        VIII.  Zuleini Lisbeth PADRON HERNANDEZ ........................................16

        IX.    Vicente MESA DIAZ, VICENTE ....................................................17

        X.     Mercedes Herminia ROSS SALAZAR ............................................17

        XI.    Ramon Elieser BALLESTER LICEA ...............................................18

        XII.   Roendris DRANGUET JORDAN .....................................................19

        XIII.  Genrry LICEA TORRES, GENRRY....................................................19

        XIV.  Reinier ISIDRON INVERNON.........................................................20

    Class B

        I.      GORDILLO RODRIGUEZ, ERISLEYDIS ......................................21

        II.     Michel GUILARTE REVE.................................................................21

III.    Elizabeth GARCIA DIAZ ..................................................................................21

IV.    Lisbeth GONZALEZ LOPEZ ...........................................................................22

V.    Arlette GARCIA SANCHEZ, ARLETTE ..........................................................22

VI.    Belus IZQUIERDO GARCIA ...........................................................................23

VII.    Romelis GONZALEZ RIVERA ........................................................................23

VIII.    Roberto LAFFITA ALEMANY ........................................................................23

IX.    Yudiel RODRIGUEZ CALZADA .....................................................................24

X.    Kenia ULLOA MARTINEZ ...............................................................................24

XI.    Vaneysa CRUZ GONZALEZ ............................................................................25

XII.    Lieniset VELOZO MEJIAS ..............................................................................25

XIII.    Lesyani MORENO VARONA ...........................................................................25

XIV.    Lilibet MONTENEGRO FERNANDEZ ............................................................26

XV.    Lisandra MEDINA ROMERO ..........................................................................26

XVI.    Evelin MATOS PUPO .......................................................................................26

XVII.   Maika Elina FIGUEREDO BERNAL .................................................................27

XVIII.  Zuleini Lisbet PADRON FERNANDEZ ............................................................27

XIX.    Yennier ALVAREZ PEREZ ...............................................................................28

XX.    Yuddiel TORRES PEREZ ..................................................................................28

XXI.    Lenia MARTIN MENDEZ .................................................................................28

XXII.   Magdiel HEVIA ALAMO ..................................................................................29

XXIII.  Yareni ORDONEZ HERRERA ...........................................................................29

XXIV.  H-V-A (a minor child) ........................................................................................30

XXV.   Elba ALAMO GALVEZ ......................................................................................30

Class C

I.    Arianna GONZALEZ ALONSO .........................................................................30

II.     Yosbel BASULTO RIVERO ............................................................31

III.    Alexander Lazaro MEDINA FERRER ..........................................31

IV.     Mayra Milagro PAREDES SANCHES ...........................................32

V.      Arturo Emilio GIL MARTINEZ ...................................................32

VI.     Yanela GONZALEZ OCHOA .......................................................33

Class Allegations ...........................................................................................7

Claims for Relief ..........................................................................................33

        Count I — Abuse of Discretion ...............................................................33

        Count II — Impermissible Construction of the Statutes..........................34

        Count II — Lack of Reasoned Consideration...........................................34

## CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

The plaintiffs, by and through the undersigned, allege as follows:

## SUMMARY OF CLAIM

The Department of Homeland Security ("DHS") has, in effect, nullified the Cuban Adjustment Act ("CAA"). For more than fifty years, and up until very recently, the CAA has afforded protection and a clear pathway to residency for Cuban immigrants. The CAA requires that a Cuban be "inspected, admitted, or paroled" into the United States. Over the last few years, The Department, through U.S. Immigration and Customs Enforcement ("ICE"), has adopted a policy of blanket-refusal of humanitarian parole under Section 212(d)(5)(a)[1] and has made it impossible for the majority of Cuban immigrants to adjust under the CAA.

The United States has seen a significant surge in Cuban immigrants in recent years. In 2022, the United States Census Bureau reported 1,312,510[2] foreign-born Cubans residing in the United States. The Transactional Records Access Clearinghouse ("TRAC") reports 216,378 pending Cuban immigration cases in federal courts. As of February 2024, these Cuban cases make up 6.34% of 3,415,109 immigration cases across all nationalities in contrast to 2.55% Cuban cases in 2019.[3]

According to the United States Customs and Border Protection encounter data[4] by U.S. Border Patrol and Office of Field Operations, 224,607 Cuban immigrants were encountered at or near United States borders in 2022. Another 200,287 Cuban immigrants were encountered in 2023. As of FY2024, 86,139 Cuban immigrants have been encountered with data already trending

---

[1] Title 8 Aliens and Nationality, Chapter 12, Subchapter II, Part II: §1182. Inadmissible aliens: https://uscode.house.gov/view.xhtml?req=granuleid:USC-prelim-title8-section1182&num=0&edition=prelim
[2] United States Census Bureau: https://data.census.gov/table/ACSDT1Y2022.B05006?t=Place%20of%20Birth&hidePreview=false&vintage=2018
[3] TRAC Immigration Court Backlog: https://trac.syr.edu/phptools/immigration/backlog/
[4] U.S. Customs and Border Protection: https://www.cbp.gov/newsroom/stats/nationwide-encounters

towards the most encounters since 2021. During this time of record Cuban immigration, ICE is abusing its discretion by arbitrarily denying humanitarian parole to over four hundred thousand Cuban immigrants. This action seeks declaratory and injunctive relief against the Department on behalf of three classes of Plaintiffs.

The United States Department of State, despite proclaiming that it wants to "empower the Cuban people...and committed to **supporting safe, orderly, and legal migration from Cuba**"[5] (emphasis added) has allowed the rampant abuse of discretion, and created an immigration situation that denies hundreds of thousands of Cubans from the above stated intention in accordance with the U.S.-Cuba Migration Accords and protection under the CAA.

This action seeks declaratory and injunctive relief against the Department of Homeland Security and the United States Department of State on behalf of over 400,000 Cuban people who are fleeing from economic crisis and a totalitarian regime that is currently the most oppressive it has ever been.

As set forth in the Class Certification section below, the Plaintiffs in Class A are applicants for admission, were apprehended after entering, were subject to expedited removal and mandatory detention, demonstrated a credible fear of persecution, and were erroneously issued a Notice to Appear ("NTA") and Form I-220(A) ("I220a").

Plaintiffs in class A claim that ICE is erroneously processing their release from detention by refusing to grant humanitarian parole under Section 212(d)(5)(a) of the Immigration and Nationality Act ("INA"). ICE officers are either abusing their discretion by adopting a policy of blanket-refusal of humanitarian parole to Cuban immigrants or are poorly equipped to apply immigration law at United States ports of entry. There is no consensus on who should and should

---

[5] U.S. Department of State U.S.-Cuba Relations: https://www.state.gov/countries-areas/cuba/

not receive parole, and thousands of immigrants are denied parole without any meaningful review. This, along with agency guidance from the Board of Immigration Appeals, effectively denies them the possibility of being able to adjust their status under the Cuban Adjustment Act (CAA).

Plaintiffs in Class A seek declaratory and injunctive relief in the form of humanitarian parole under Section 212(d)(5)(a) so that they may adjust under the CAA.

Plaintiffs in Class B are Cuban immigrants who are applicants for admission, apprehended less than a mile or less than one hour after entering the United States without inspection, were detained without the opportunity to request or to submit to a credible fear interview, and then released from detention and wrongfully issued an NTA and an I220a instead of humanitarian parole under Section 212(d)(5)(a).

Plaintiffs in Class B claim that DHS and ICE have denied them humanitarian parole inconsistent with their duties, agency guidelines and the CAA, as outlined in public memorandum. *HQ* 70/10.10, February 4, 2009, signed by John M. Bulger, Chief for the Office of Field Operations, U.S. Citizenship and Immigration Services ("USCIS"), guidance provided:

"Although release under Section 236(a)(2) is not parole, release under 236(a)(2) does not preclude a separate decision to parole the alien under Section 212(d)(5)(A)... Effective immediately, Field Offices are instructed to process Cuban natives and citizens for an initial parole under Section 212(d)(5)(A), even if such a request is presented by a Cuban native or citizen who has previously been released under Section 236. Field Offices must process the request for an initial parole under 212(d)(5)(A) received from a Cuban native or citizen regardless of which DHS component released the applicant under section 236…"[6]

---

[6] U.S. Department of Homeland Security, Office of Field Operations, U.S. Citizenship and Immigration Services Interoffice Memorandum HQ 70/10.10

Plaintiffs in Class B also claim that they were not afforded the opportunity to have a credible fear interview with an asylum officer, which barred them from the possibility of obtaining a humanitarian parole entirely. This is opposite to *HQ* 70/10.10, February 4, 2009, signed by Mr. Bulger. USCIS's own guidance provides:

> "Field Offices should generally exercise this discretion favorably, if except for the lack of having been paroled, the alien is otherwise eligible for adjustment of status under the CAA and also **merits a favorable exercise of the discretion to grant adjustment**..." (emphasis added.)

Instead of exercising favorable discretion, agency officials are abusing their discretion in an arbitrary, illogical manner inconsistent with both agency guidance and the purpose and intent of the CAA.

Plaintiffs in Class B seek the favorable exercise of discretion and request injunctive and declaratory relief in the form of humanitarian parole under Section 212(d)(5)(a) so that they may adjust under the CAA.

The final class of Plaintiffs, Class C, are victims of family separation. This class includes members of Class A or Class B who were separated from their families by the arbitrary, abusive, and unjust practices of DHS and ICE. These are plaintiffs who were refused humanitarian parole but everyone in their nuclear family were granted the same, effectively separating their family and causing tremendous mental suffering. This stands in stark opposition to the Department of Homeland Security, Department of State and the Department of Health and Human Services positions on uniting separated families within United States borders.

Plaintiffs in Class C claim that they and their families merit the exercise of favorable discretion and seek injunctive relief in the form of humanitarian parole under Section 212(d)(5)(a).

## JURISDICTION

1.      This action is brought against the defendants for refusing to comply with federally mandated duties under the Cuban Refugee Adjustment Act of 1966 (CAA), Pub. L. No. 89-732, 80 Stat. 1161 (as amended), the Immigration and Nationality Act of 1952 (INA), Pub. L. No. 82-414, 66 Stat. 163 (codified as amended at 8 U. S. C. §§ 1101 *et seq*.), Title 8 of the Code of Federal Regulations, and the Administrative Procedure Act (APA), 5 U. S. C. §§ 701, *et seq*.

2.      This Court has jurisdiction under 28 U. S. C. § 1331 (federal question), and § 1346(a)(2) (United States as defendant).

3.      This Court may review abuse of agency discretion and may grant relief pursuant to 5 U. S. C. §§ 702, 706 (judicial review of agency action), 28 U. S. C. § 1651 (All Writs Act), and 28 U. S. C. §§ 2201–02 (Declaratory Judgment Act).

4.      The INA's jurisdictional bar regarding discretionary judgments applicable to applications made under the general adjustment of status statute, 8 U. S. C. § 1252(a)(2)(B)(i), does not apply to applications made under the Cuban Refugee Adjustment Act. *Perez v. USCIS*, 774 F. 3d 960, 967–68 (CA11 2014).

## VENUE

5.      Venue is proper in this district because:

(a)      "a substantial part of the events or omissions giving rise to the claim occurred" in this district, 28 U. S. C. § 1391(e)(1)(A).

(b)      the defendant "resides" in this district, § 1391(e)(1)(B), *Bartman v. Cheney*, 827 F. Supp. 1 (D.D.C. 1993) ("Officers and agencies of the United States can have more than one residence, and venue can properly lie in more than one jurisdiction."); and

(c)    several of the Plaintiffs reside in this district, § 1391(e)(1)(C), *A.J. Taft Coal Co. v. Barnhart*, 291 F. Supp. 2d 1290, 1301–02 (N.D. Ala. 2003) (collecting cases demonstrating that "residency of 'the plaintiff' should be interpreted to mean any plaintiff rather than all plaintiffs") (emphasis in original).

## EXHAUSTION OF REMEDIES

6.    There are no available administrative remedies, or other remedies for review under the INA that require exhaustion before pursuing judicial review. Any available administrative remedies are effectively foreclosed by the United States Citizenship and Immigration Services ("USCIS"), which has either refused to grant residency status to Cuban immigrants who were not granted humanitarian parole under Section 212(d)(5) or altogether refuses to adjudicate these applications.

7.    As immigration judges have no jurisdiction to review actions or inactions of DHS/ICE for refusing to comply with their federally mandated duties under the INA and CAA, it is inappropriate and unnecessary for plaintiffs to pursue relief through removal proceedings, and a district court is thus the proper forum.

## PARTIES

8.    Defendant ALEJANDRO MAYORKAS, sued in his official capacity as the United States Secretary of Homeland Security. In this capacity, he has supervisory authority over all operations of the Department of Homeland Security and its component agencies.

9.    Defendant ANTONY BLINKEN, sued in his official capacity as the United States Secretary of State. In this capacity, he has supervisory authority over all operations of the United States Department of State.

10.     All Plaintiffs in Class A, B and C are identified in detail in the Factual Allegations of this Class Action Complaint. Each Plaintiff is a native and citizen of Cuba.

## CLASS ALLEGATIONS

11.     Plaintiffs bring this action for themselves, and as three separate classes on behalf of other similarly situated Cuban immigrants pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2), and hereby propose the following classes:

**CLASS A:**  Cuban immigrants who:

1.     are "applicants for admission" under 8 U. S. C. § 1225(a)(1) that were not admitted into the United States in accordance with § 1101(a)(13)(A) due to circumstances surrounding their arrival;

2.     were apprehended after entering without inspection;

3.     were subject to expedited removal—and by extension, mandatory detention—under section 235(b)(1) of the INA, 8 U.S.C. § 1225(b)(1) (2018);

4.     demonstrated a credible fear of persecution in Cuba and an intent to apply for asylum;

5.     were issued a Notice to Appear and charged with inadmissibility under sections 212(a)(6)(A)(i) and 212 (a)(7)(A)(i) of the INA;

6.     released on recognizance or bond instead of being granted humanitarian parole.

12.     The proposed class is adequately defined and readily ascertainable from objective criteria.

13.     **Numerosity:** The proposed class meets the requirements of Fed. R. Civ. P. 23(a)(1) because it is so numerous that joinder would be impracticable.

14.     According to The Transactional Records Access Clearinghouse, there 216,378 pending Cuban immigration cases in federal courts.

15.     According to encounter data by United States Customs and Border Protection, 224,607 Cuban immigrants were encountered at or near the United States border in 2022.

7

16.     Another 200,287 Cuban immigrants were encountered in 2023.

17.     As of FY2024, 86,139 Cuban immigrants have been encountered.

18.     Of those, immigration advocates estimate that approximately 200 to 300,000 Cubans were not granted humanitarian parole and were released with Form I-220A.

19.     The issues raised by Plaintiffs have been raised in immigration courts across the country.

20.     Indeed, similarly situated Cuban respondents with Form I-220A have flooded the United States Immigration Court system.

21.     **Commonality:**  The proposed class meets the requirements of Fed. R. Civ. P. 23(a)(2) because class members share common issues of law and fact as laid out in the class definition, above.

22.     The common issue of law is whether or not they should have been granted a humanitarian parole under Section 212(d)(5) of the INA.

23.     **Typicality:** The requirements of Fed. R. Civ. P. 23(a)(3) are satisfied because the plaintiffs' claims are typical of those of the proposed class as a whole. Each plaintiff is in the same factual and procedural posture, have suffered the same injury from the same defendants, and their injuries may be remedied by the relief requested herein.

24.     **Adequacy:** The requirements of Fed. R. Civ. P. 23(a)(4) are met because the plaintiffs will adequately represent the proposed class, the remedy they seek will cure the injury of all proposed class members, and the undersigned are qualified to represent the class.

        **CLASS B:** Cuban immigrants who:

1.     are "applicants for admission" under 8 U. S. C. § 1225(a)(1) that were not admitted into the United States in accordance with § 1101(a)(13)(A) due to circumstances surrounding their arrival;

2.     were apprehended less than a mile or less than one hour after they had

entered the United States without being inspected, admitted or paroled;

3.    were detained and released on their own recognizance pursuant to DHS' conditional parole (Form I-220A) authority under section 236(a)(2)(B) of the INA, 8 U.S.C. § 1226(a)(2)(B) (2018) without the opportunity to have a credible fear interview with an asylum officer;

4.    were prevented from requesting a humanitarian parole as asylum applicants;

5.    were issued a Notice to Appear and charged with inadmissibility under sections 212(a)(6)(A)(i) and 212 (a)(7)(A)(i) of the INA.

25.    The proposed class is adequately defined and readily ascertainable from objective criteria.

26.    **Numerosity:** The proposed class meets the requirements of Fed. R. Civ. P. 23(a)(1) because it is so numerous that joinder would be impracticable.

27.    According to The Transactional Records Access Clearinghouse, there 216,378 pending Cuban immigration cases in federal courts.

28.    According to encounter data by United States Customs and Border Protection, 224,607 Cuban immigrants were encountered at or near the United States border in 2022.

29.    Another 200,287 Cuban immigrants were encountered in 2023.

30.    As of FY2024, 86,139 Cuban immigrants have been encountered.

31.    Of those, immigration advocates estimate that approximately 200 to 300,000 Cubans were not granted humanitarian parole and were released with Form I-220A.

32.    The issues raised by Plaintiffs have been raised in immigration courts across the country.

33.    Indeed, similarly situated Cuban respondents with Form I-220A have flooded the United States Immigration Court system.

34. **Commonality:** The proposed class meets the requirements of Fed. R. Civ. P. 23(a)(2) because class members share common issues of law and fact as laid out in the class definition, above.

35. The common issue of law is whether or not they should have been granted a humanitarian parole under Section 212(d)(5) of the INA.

36. **Typicality:** The requirements of Fed. R. Civ. P. 23(a)(3) are satisfied because the plaintiffs' claims are typical of those of the proposed class a whole. Each plaintiff is in the same factual and procedural posture, have suffered the same injury from the same defendants, and their injuries may be remedied by the relief requested herein.

37. **Adequacy:** The requirements of Fed. R. Civ. P. 23(a)(4) are met because the plaintiffs will adequately represent the proposed class, the remedy they seek will cure the injury of all proposed class members, and the undersigned are qualified to represent the class.

**CLASS C:** Cuban immigrants who:

1. are "applicants for admission" under 8 U. S. C. § 1225(a)(1) that were not admitted into the United States in accordance with § 1101(a)(13)(A) due to circumstances surrounding their arrival;

2. were apprehended less than a mile or less than one hour after they had entered the United States without being inspected, admitted or paroled;

3. were detained and released on their own recognizance pursuant to DHS' conditional parole (Form I-220A) authority under section 236(a)(2)(B) of the INA, 8 U.S.C. § 1226(a)(2)(B) (2018) without the opportunity to have a credible fear interview with an asylum officer;

4. were prevented from requesting a humanitarian parole as asylum applicants;

5. were issued a Notice to Appear and charged with inadmissibility under sections 212(a)(6)(A)(i) and 212 (a)(7)(A)(i) of the INA;

6. Were effectively separated from their family members by being withheld humanitarian parole under Section 212(d)(5)(a) when members of their immediate nuclear family who entered at the same time and under the same circumstances who all received humanitarian parole.

38.     The proposed class is adequately defined and readily ascertainable from objective criteria.

39.     **Numerosity:** The proposed class meets the requirements of Fed. R. Civ. P. 23(a)(1) because it is so numerous that joinder would be impracticable.

40.     According to The Transactional Records Access Clearinghouse, there 216,378 pending Cuban immigration cases in federal courts.

41.     According to encounter data by United States Customs and Border Protection, 224,607 Cuban immigrants were encountered at or near the United States border in 2022.

42.     Another 200,287 Cuban immigrants were encountered in 2023.

43.     As of FY2024, 86,139 Cuban immigrants have been encountered.

44.     Of those, immigration advocates estimate that approximately 200 to 300,000 Cubans were not granted humanitarian parole and were released with Form I-220A.

45.     The issues raised by Plaintiffs have been raised in immigration courts across the country.

46.     Indeed, similarly situated Cuban respondents with Form I-220A have flooded the United States Immigration Court system.

47.     **Commonality:** The proposed class meets the requirements of Fed. R. Civ. P. 23(a)(2) because class members share common issues of law and fact as laid out in the class definition, above.

48.     The common issue of law is whether or not they should have been granted a humanitarian parole under Section 212(d)(5) of the INA.

49.     **Typicality:** The requirements of Fed. R. Civ. P. 23(a)(3) are satisfied because the plaintiffs' claims are typical of those of the proposed class a whole. Each plaintiff is in the same

factual and procedural posture, have suffered the same injury from the same defendants, and their injuries may be remedied by the relief requested herein.

50.    **Adequacy:** The requirements of Fed. R. Civ. P. 23(a)(4) are met because the plaintiffs will adequately represent the proposed class, the remedy they seek will cure the injury of all proposed class members, and the undersigned are qualified to represent the class.

## RELEVANT FACTUAL ALLEGATIONS

A.    **Class A:**

51.    Members of this class were generally apprehended by DHS near the border, they were subject to expedited removal—and, by extension, mandatory detention—under Section 235(b)(1) of the INA, 8 U.S.C. § 1225(b)(1) (2018). Plaintiffs are applicants for admission to the United States due to the circumstances surrounding their arrival and encounter with immigration authorities. Members of this class indicated either an intention to apply for asylum or a fear of persecution in their home country, supporting a claim to withholding of removal and were subject to a Credible Fear Interview; Plaintiffs' fear to return to Cuba was found credible and fear of persecution was established as well.

52.    The plaintiffs were detained for a few days after their initial apprehension and then released on recognizance pursuant to DHS' conditional parole (Form I-220A) authority under section 236(a)(2)(B) of INA or bond instead of being granted a humanitarian parole.

53.    The plaintiffs were issued a Notice to Appear and charged with inadmissibility under sections 212(a)(6)(A)(i) and 212 (a)(7)(A)(i) of the INA. Class members are as follows:

54.    **FERRAL RODRIGUEZ, MARISELIS -** is a native and citizen of Cuba who entered the United States through an unknown location, on or about March 14, 2021. Plaintiff was taken into DHS custody on or about this time. On March 15, 2021, the Plaintiff had a credible fear interview with an asylum officer, the Plaintiff's fear to return to Cuba was found credible and

credible fear of persecution was also established. Plaintiff was put in removal proceedings under section 236 of the INA. The Plaintiff was released on his own recognizance and was issued a Form I-220A instead of being granted a humanitarian parole. A notice to appear for removal proceedings was issued against the Plaintiff on August 3, 2021, after an asylum officer found that the Plaintiff demonstrated a credible fear of persecution or torture. Plaintiff was charged as being removable under Section 212 (a)(6)(A)(i) of the INA. More than a year after Plaintiff's physical entry, on November 16, 2022, a Form I-485 was filed with the USCIS under Section 1 of the CAA and as of today, plaintiff has not received a decision from the USCIS.

55.    **MONTALVO FROMETA, GRETEL -** is a native and citizen of Cuba who entered the United States through an unknown location, on or about July 11, 2020. Plaintiff was taken into DHS custody on or about this time. Plaintiff was put in expedited removal proceedings under section 235 of the INA. On July 20, 2020, the Plaintiff had a credible fear interview with an asylum officer, the plaintiff's fear to return to Cuba was found credible and credible fear of persecution was also established. The Plaintiff was released on bond and was issued a Notice of Custody Determination instead of being granted a humanitarian parole. A notice to appear for removal proceedings was issued against the Plaintiff on July 7, 2021, after an asylum officer found that the plaintiff demonstrated a credible fear of persecution or torture. Plaintiff was charged as being removable under Section 212 (a)(7)(A)(i) of the INA. More than a year after plaintiff's physical entry, on August 6, 2021, a Form I-485 was filed with the USCIS under Section 1 of the CAA which is still pending a decision and administratively closed due to lack of jurisdiction of USCIS.

56.    **LEIVA CRUZ, REINEL -** is a native and citizen of Cuba who entered the United States through an unknown location, on or about April 13, 2021. Plaintiff was taken into DHS

custody on or about this time. Plaintiff was put in expedited removal proceedings under Section 235 of the INA. On June 10, 2021, the Plaintiff had a credible fear interview with an asylum officer, the Plaintiff's fear to return to Cuba was found credible and credible fear of persecution was also established. The Plaintiff was released on his own recognizance and was issued a Notice of Custody Determination instead of being granted a humanitarian parole. A notice to appear for removal proceedings was issued against the Plaintiff on June 10, 2021, after an asylum officer found that the plaintiff demonstrated a credible fear of persecution or torture. Plaintiff was charged as being removable under Sections 212 (a)(7)(A)(i) and 212 (a)(6)(A)(i) of the INA. More than a year after Plaintiff's physical entry, on December 6, 2022, a Form I-485 was filed with the USCIS under Section 1 of the CAA which was denied due to the fact the Plaintiff did not establish eligibility for adjustment of status under the CAA as being unable to demonstrate that he was admitted or inspected or paroled in the United States.

57.    **SANCHEZ RAMOS, ANA ZORAYA -** is a native and citizen of Cuba who entered the United States through an unknown location, on an unknown date. Plaintiff was taken into DHS custody on or about this time. Plaintiff was put in expedited removal proceedings under section 235 of the INA. On July 8, 2019, the Plaintiff had a credible fear interview with an asylum officer, the Plaintiff's fear to return to Cuba was found credible and credible fear of persecution was also established. The Plaintiff was released on her own recognizance and was issued a Notice of Custody Determination instead of being granted a humanitarian parole. A notice to appear for removal proceedings was issued against the Plaintiff on June 2, 2021, after an asylum officer found that the Plaintiff demonstrated a credible fear of persecution or torture. Plaintiff was charged as being removable under Sections 212 (a)(7)(A)(i) and 212 (a)(6)(A)(i) of the INA. More than a year

14

after Plaintiff's physical entry, on January 30, 2023, a Form I-485 was filed with the USCIS under Section 1 of the CAA which more than three years later is still pending a decision.

58. **VOLTA BRING, LISAY -** is a native and citizen of Cuba who entered the United States through an unknown location, on or about May 21, 2019. On July 27, 2019, the Plaintiff had a credible fear interview with an asylum officer, the Plaintiff's fear to return to Cuba was found credible and credible fear of persecution was also established. Plaintiff was taken into DHS custody on or about this time. The Plaintiff was released on her own recognizance and was issued a Notice of Custody Determination instead of being granted a humanitarian parole. Plaintiff was put in removal proceedings under section 236 of the INA. A notice to appear for removal proceedings was issued against the plaintiff on June 2, 2021, after an asylum officer found that the Plaintiff demonstrated a credible fear of persecution or torture. Plaintiff was charged as being removable under Sections 212 (a)(7)(A)(i) and 212 (a)(6)(A)(i) of the INA. More than 4 years after Plaintiff's physical entry, she has not been able to file a Form I-485 due to the lack of a parole.

59. **RAMIREZ SANCHO, DAVEL -** is a native and citizen of Cuba who entered the United States through an unknown location, on or about March 3, 2021. Plaintiff was taken into DHS custody on or about this time. Plaintiff was put in expedited removal proceedings under section 235 of the INA. On May 24, 2021, the Plaintiff had a credible fear interview with an asylum officer, the Plaintiff's fear to return to Cuba was found credible and credible fear of persecution was also established. The Plaintiff was released on his own recognizance and was issued a Notice of Custody Determination instead of being granted a humanitarian parole. A notice to appear for removal proceedings was issued against the Plaintiff on September 2, 2021, after an asylum officer found that the plaintiff demonstrated a credible fear of persecution or torture. Plaintiff was charged as being removable under Sections 212 (a)(7)(A)(i) and 212 (a)(6)(A)(i) of the INA. More than a

year after Plaintiff's physical entry, on February 22, 2023, a Form I-485 was filed with the USCIS under Section 1 of the CAA which more than one year later is still pending a decision.

60.     **RIVERO RODRIGUEZ, REINALDO RICARDO -** is a native and citizen of Cuba who entered the United States through an unknown location, on or about June 18, 2021. Plaintiff was taken into DHS custody on or about this time. On May 24, 2021, the Plaintiff had a credible fear interview with an asylum officer, the Plaintiff's fear to return to Cuba was found credible and credible fear of persecution was also established. Plaintiff was put in removal proceedings under Section 236 of the INA. The Plaintiff was released on his own recognizance and was issued a Form I-220A instead of being granted a humanitarian parole. A notice to appear for removal proceedings was issued against the Plaintiff on May 24, 2021, 2021, after an asylum officer found that the Plaintiff demonstrated a credible fear of persecution or torture. Plaintiff was charged as being removable under Sections 212 (a)(7)(A)(i) and 212 (a)(6)(A)(i) of the INA. More than a year after plaintiff's physical entry, on May 16, 2022, a Form I-485 was filed with the USCIS under Section 1 of the CAA which almost two years year later is still pending a decision.

61.     **PADRON HERNANDEZ, ZULEINI LISBETH -** is a native and citizen of Cuba who entered the United States through an unknown location, on or about March 14, 2021. Plaintiff was taken into DHS custody on or about this time. On March 21, 2021, the Plaintiff had a credible fear interview with an asylum officer, the Plaintiff's fear to return to Cuba was found credible and credible fear of persecution was also established. The Plaintiff was released on recognizance and was issued a Notice of Custody Determination and a Form I-220A instead of being granted a humanitarian parole. Plaintiff was put in removal proceedings under Section 236 of the INA.  A notice to appear for removal proceedings was issued against the Plaintiff on May 24, 2021, 2021, after an asylum officer found that the Plaintiff demonstrated a credible fear of persecution or

torture. Plaintiff was charged as being removable under Sections 212 (a)(7)(A)(i) and 212 (a)(6)(A)(i) of the INA. More than a year after Plaintiff's physical entry, on September 12, 2022, a Form I-485 was filed with the USCIS under Section 1 of the CAA which is still pending a decision and administratively closed due to lack of jurisdiction of USCIS.

62.    **MESA DIAZ, VICENTE -** is a native and citizen of Cuba who entered the United States through an unknown location, on or about June 7, 2019. Plaintiff was taken into DHS custody on or about this time. On July 9, 2019, the Plaintiff had a credible fear interview with an asylum officer, the Plaintiff's fear to return to Cuba was found credible and credible fear of persecution was also established. A notice to appear for removal proceedings was issued against the Plaintiff on July 17, 2019, after an asylum officer found that the Plaintiff demonstrated a credible fear of persecution or torture. Plaintiff was put in removal proceedings under Section 236 of the INA. The Plaintiff was released by order of the Board of Immigration Appeals pursuant to the preliminary injunction in *Padilla v. ICE*, No. 18-928, 2019 WL 2766720 (W.D. Dash. July 2, 2019) instead of being granted a humanitarian parole. Plaintiff was charged as being removable under Sections 212 (a)(7)(A)(i) and 212 (a)(6)(A)(i) of the INA. More than a year after Plaintiff's physical entry, on January 28, 2021, a Form I-485 was filed with the USCIS under Section 1 of the CAA which after more than three is still pending a decision from USCIS.

63.    **ROSS SALAZAR, MERCEDES HERMINIA -** is a native and citizen of Cuba who entered the United States through an unknown location, on or about March 3, 2021. Plaintiff was taken into DHS custody on or about this time. On June 28, 2021, the Plaintiff had a credible fear interview with an asylum officer, the Plaintiff's fear to return to Cuba was found credible and credible fear of persecution was also established. Plaintiff was put in removal proceedings under Section 236 of the INA. A notice to appear for removal proceedings was issued against the Plaintiff

on June 28, 2021, after an asylum officer found that the Plaintiff demonstrated a credible fear of persecution or torture. The Plaintiff was released on her own recognizance and was issued a Form I-220A instead of being granted a humanitarian parole. Plaintiff was charged as being removable under Sections 212 (a)(7)(A)(i) and 212 (a)(6)(A)(i) of the INA. Plaintiff's removal proceedings were terminated without prejudice on November 17, 2022. More than a year after Plaintiff's physical entry, on April 22, 2022, a Form I-485 was filed with the USCIS under Section 1 of the CAA which was denied due to the fact the plaintiff did not establish eligibility for adjustment of status under the CAA as being unable to demonstrate that she was admitted or inspected or paroled in the United States.

64.     **BALLESTER LICEA, RAMON ELIESER -** is a native and citizen of Cuba who entered the United States through an unknown location, on or about May 7, 2019. Plaintiff was taken into DHS custody on or about this time. On May 31, 2019, the Plaintiff had a credible fear interview with an asylum officer, the Plaintiff's fear to return to Cuba was found credible and credible fear of persecution was also established. Plaintiff was put in removal proceedings under Section 236 of the INA. A notice to appear for removal proceedings was issued against the Plaintiff on June 5, 2019, after an asylum officer found that the Plaintiff demonstrated a credible fear of persecution or torture. The Plaintiff was released on his own  recognizance and was issued a Form I-220A instead of being granted a humanitarian parole. Plaintiff was charged as being removable under Sections 212 (a)(7)(A)(i) and 212 (a)(6)(A)(i) of the INA. More than a year after Plaintiff's physical entry, on August 6, 2020, a Form I-485 was filed with the USCIS under Section 1 of the CAA which is still pending a decision and administratively closed due to lack of jurisdiction of USCIS.

65.     **DRANGUET JORDAN, ROENDRIS -** is a native and citizen of Cuba who entered the United States through an unknown location, on or about May 7, 2019. Plaintiff was taken into DHS custody on or about this time. On June 26, 2019, the Plaintiff had a credible fear interview with an asylum officer, the Plaintiff's fear to return to Cuba was found credible and credible fear of persecution was also established. Plaintiff was put in removal proceedings under Section 236 of the INA. A notice to appear for removal proceedings was issued against the plaintiff on July 2, 2019, after an asylum officer found that the Plaintiff demonstrated a credible fear of persecution or torture. The Plaintiff was released on recognizance and was issued a Form I-220A instead of being granted a humanitarian parole. Plaintiff was charged as being removable under Sections 212 (a)(7)(A)(i) and 212 (a)(6)(A)(i) of the INA. More than a year after Plaintiff's physical entry, on or about December 2020, a Form I-485 was filed with the USCIS under Section 1 of the CAA which after more than four years is still pending a decision from USCIS.

66.     **LICEA TORRES, GENRRY -** is a native and citizen of Cuba who entered the United States through an unknown location, on or about May 8, 2019. Plaintiff was taken into DHS custody on or about this time. On July 2, 2019, the Plaintiff had a credible fear interview with an asylum officer, the plaintiff's fear to return to Cuba was found credible and credible fear of persecution was also established. Plaintiff was put in removal proceedings under Section 236 of the INA. A notice to appear for removal proceedings was issued against the Plaintiff on July 9, 2019, after an asylum officer found that the Plaintiff demonstrated a credible fear of persecution or torture. The Plaintiff was released on his own recognizance and was issued a Notice of Custody Determination instead of being granted a humanitarian parole. Plaintiff was charged as being removable under Sections 212 (a)(7)(A)(i) and 212 (a)(6)(A)(i) of the INA. More than a year after Plaintiff's physical entry, on April 1st, 2022, a Form I-485 was filed with the USCIS under Section

1 of the CAA which is still pending a decision and administratively closed due to lack of jurisdiction of USCIS.

67.    **ISIDRON INVERNON, REINIER -** is a native and citizen of Cuba who entered the United States through an unknown location, on or about May 13, 2019. Plaintiff was taken into DHS custody on or about this time. On August 1, 2019, the Plaintiff had a credible fear interview with an asylum officer, the Plaintiff's fear to return to Cuba was found credible and credible fear of persecution was also established. Plaintiff was put in removal proceedings under Section 236 of the INA. A notice to appear for removal proceedings was issued against the Plaintiff on August 6, 2019, after an asylum officer found that the Plaintiff demonstrated a credible fear of persecution or torture. The Plaintiff was released on his own recognizance and was issued a Notice of Custody Determination instead of being granted a humanitarian parole. Plaintiff was charged as being removable under Sections 212 (a)(7)(A)(i) and 212 (a)(6)(A)(i) of the INA. Almost four years after Plaintiff's physical entry, he has not been able to file a Form I-485 due to the lack of a parole.

**B.    Class B:**

68.    DHS generally encountered Members of Class B less than a mile from the southern border or about less than one hour after they had entered the United States without being inspected and admitted or paroled. The Plaintiffs were detained for a few days after their initial apprehension and then released on their own recognizance pursuant to DHS' conditional parole (Form I-220A) authority under Section 236(a)(2)(B) of the INA, 8 U.S.C. § 1226(a)(2)(B) (2018) without being granted the opportunity to have a proper credible fear interview with an asylum officer; hence, they were prevented to request humanitarian parole as asylum applicants.

69.    The Plaintiffs were issued a Notice to Appear and charged with inadmissibility under Section 212(a)(6)(A)(i) of the INA, 8 U.S.C. § 1182(a)(6)(A)(i) (2018), based on their

presence in the United States without having been admitted or paroled. Class members are as follows:

70.    **GORDILLO RODRIGUEZ, ERISLEYDIS -** is a native and citizen of Cuba who entered the United States through Sasabe, Arizona, on or about November 10, 2022. Plaintiff was taken into DHS custody on or about this time. Plaintiff was put in removal proceedings under Section 236 of the INA and did not have the opportunity to request a credible fear interview with an asylum officer. The Plaintiff was released on her own recognizance and was issued a Form I-220A instead of being granted a humanitarian parole. A notice to appear for removal proceedings was issued against the Plaintiff on November 14, 2022. Plaintiff was charged as being removable under Section 212 (a)(6)(A)(i) of the INA.

71.    **IGUILARTE REVE, MICHEL -** is a native and citizen of Cuba who entered the United States through Antelope Wells, New Mexico, on or about December 22, 2021. Plaintiff was taken into DHS custody on or about this time. The Plaintiff was put in removal proceedings under Section 236 of the INA and did not have the opportunity to request a credible fear interview with an asylum officer. The Plaintiff was released on recognizance and was issued a Form I-220A instead of being granted a humanitarian parole. A notice to appear for removal proceedings was issued against the Plaintiff on January 04, 2022. Plaintiff was charged as being removable under Section 212 (a)(6)(A)(i) of the INA. More than a year after Plaintiff's physical entry, on July 27, 2023, a Form I-485 was filed with the USCIS under Section 1 of the CAA and as of today, plaintiff has not received a decision from the USCIS.

72.    **GARCIA DIAZ, ELIZABETH -** is a native and citizen of Cuba who entered the United States through Hidalgo, Texas, on or about June 03, 2019. Plaintiff was taken into DHS custody on or about this time. Plaintiff was put in removal proceedings under Section 236 of the

INA and did not have the opportunity to request a credible fear interview with an asylum officer. The Plaintiff was released on her own recognizance and was issued a Form I-220A instead of being granted a humanitarian parole. A notice to appear for removal proceedings was issued against the Plaintiff on January 23, 2020. Plaintiff was charged as being removable under Section 212 (a)(6)(A)(i) of the INA. More than a year after Plaintiff's physical entry, on July 27, 2020, a Form I-485 was filed with the USCIS under Section 1 of the CAA. On November 10, 2020, Plaintiff received a notice of administrative closure from the USCIS.

73.    **GONZALEZ LOPEZ, LISBETH -** is a native and citizen of Cuba who entered the United States through San Luis, Arizona, on or about October 23, 2021. Plaintiff was taken into DHS custody on or about this time. Plaintiff was put in removal proceedings under Section 236 of the INA and did not have the opportunity to request a credible fear interview with an asylum officer. The Plaintiff was released on her own recognizance and was issued a Form I-220A instead of being granted a humanitarian parole. A notice to appear for removal proceedings was issued against the Plaintiff on July 27, 2023. Plaintiff was charged as being removable under Section 212 (a)(6)(A)(i) of the INA. More than a year after Plaintiff's physical entry, on November 25, 2022, a Form I-485 was filed with the USCIS under Section 1 of the CAA. On July 11, 2023, plaintiff received a notice of administrative closure from the USCIS.

74.    **GARCIA SANCHEZ, ARLETTE -** is a native and citizen of Cuba who entered the United States through Del Rio, Texas, on or about April 3, 2022. Plaintiff was taken into DHS custody on or about this time. Plaintiff was put in removal proceedings under Section 236 of the INA and did not have the opportunity to request a credible fear interview with an asylum officer. The Plaintiff was released on her own recognizance and was issued a Form I-220A instead of being granted a humanitarian parole. A notice to appear for removal proceedings was issued against the

plaintiff on April 03, 2022. Plaintiff was charged as being removable under Section 212 (a)(6)(A)(i) of the INA.

75.    **IZQUIERDO GARCIA, BELUS -** is a native and citizen of Cuba who entered the United States through San Luis, Arizona, on or about February 12, 2022. Plaintiff was taken into DHS custody on or about this time. Plaintiff was put in removal proceedings under Section 236 of the INA and did not have the opportunity to request a credible fear interview with an asylum officer. The plaintiff was released on his own recognizance and was issued a Form I-220A instead of being granted a humanitarian parole. A notice to appear for removal proceedings was issued against the Plaintiff on February 13, 2022. Plaintiff was charged as being removable under Section 212 (a)(6)(A)(i) of the INA.

76.    **GONZALEZ RIVERA, ROMELIS -** is a native and citizen of Cuba who entered the United States through Brownsville, Texas, on or about May 15, 2022. Plaintiff was taken into DHS custody on or about this time. Plaintiff was put in removal proceedings under Section 236 of the INA and did not have the opportunity to request a credible fear interview with an asylum officer. The Plaintiff was released on his own recognizance and was issued a Form I-220A instead of being granted a humanitarian parole. A notice to appear for removal proceedings was issued against the Plaintiff on May 15, 2022. Plaintiff was charged as being removable under Section 212 (a)(6)(A)(i) of the INA. More than a year after Plaintiff's physical entry, on July 07, 2023, a Form I-485 was filed with the USCIS under Section 1 of the CAA and as of today, plaintiff has not received a decision from the USCIS.

77.    **LAFFITA ALEMANY, ROBERTO -** is a native and citizen of Cuba who entered the United States through Nogales, Arizona on or about February 28, 2022. Plaintiff was taken into DHS custody on or about this time. Plaintiff was put in removal proceedings under Section

236 of the INA and did not have the opportunity to request a credible fear interview with an asylum officer. The plaintiff was released on his own recognizance and was issued a Form I-220A instead of being granted a humanitarian parole. A notice to appear for removal proceedings was issued against the Plaintiff on March 01, 2022. Plaintiff was charged as being removable under Section 212 (a)(6)(A)(i) of the INA.

78.    **RODRIGUEZ CALZADA, YUDIEL -** is a native and citizen of Cuba who entered the United States through Del Rio, Texas, on or about July 10, 2021. Plaintiff was taken into DHS custody on or about this time. Plaintiff was put in removal proceedings under Section 236 of the INA and did not have the opportunity to request a credible fear interview with an asylum officer. The Plaintiff was released on his own recognizance and was issued a Form I-220A instead of being granted a humanitarian parole. A notice to appear for removal proceedings was issued against the Plaintiff on July 23, 2021. Plaintiff was charged as being removable under Section 212 (a)(6)(A)(i) of the INA. More than a year after Plaintiff's physical entry, on February 22, 2023, a Form I-485 was filed with the USCIS under Section 1 of the CAA. On April 06, 2023, Plaintiff received a notice of administrative closure from the USCIS.

79.    **ULLOA MARTINEZ, KENIA -** is a native and citizen of Cuba who entered the United States through Del Rio, Texas, on or about January 05, 2022. Plaintiff was taken into DHS custody on or about this time. Plaintiff was put in removal proceedings under Section 236 of the INA and did not have the opportunity to request a credible fear interview with an asylum officer. The Plaintiff was released on her own recognizance and was issued a Form I-220A instead of being granted a humanitarian parole. A notice to appear for removal proceedings was issued against the Plaintiff on January 06, 2022. Plaintiff was charged as being removable under Section 212 (a)(6)(A)(i) of the INA.

80.     **CRUZ GONZALEZ, VANEYSA -** is a native and citizen of Cuba who entered the United States through Sasabe, Arizona, on or about December 30, 2021. Plaintiff was taken into DHS custody on or about this time. Plaintiff was put in removal proceedings under Section 236 of the INA and did not have the opportunity to request a credible fear interview with an asylum officer. The Plaintiff was released on her own recognizance and was issued a Form I-220A instead of being granted a humanitarian parole. A notice to appear for removal proceedings was issued against the plaintiff on January 3, 2022. Plaintiff was charged as being removable under Section 212 (a)(6)(A)(i) of the INA.

81.     **VELOZO MEJIAS, LIENISET -** is a native and citizen of Cuba who entered the United States through an unknown location, on or about December 6, 2021. Plaintiff was taken into DHS custody on or about this time. Plaintiff was put in removal proceedings under Section 236 of the INA and did not have the opportunity to request a credible fear interview with an asylum officer. The Plaintiff was released on her own recognizance and was issued a Form I-220A instead of being granted a humanitarian parole. A notice to appear for removal proceedings was issued against the Plaintiff on May 25, 2023. Plaintiff was charged as being removable under Section 212 (a)(6)(A)(i) of the INA. More than a year after Plaintiff's physical entry, on February 15, 2023, a Form I-485 was filed with the USCIS under Section 1 of the CAA and as of today, Plaintiff has not received a decision from the USCIS.

82.     **MORENO VARONA, LESYANI -** is a native and citizen of Cuba who entered the United States through an unknown location, on or about July 22, 2021. Plaintiff was taken into DHS custody on or about this time. Plaintiff was put in removal proceedings under Section 236 of the INA and did not have the opportunity to request a credible fear interview with an asylum officer. The Plaintiff was released on her own recognizance and was issued a Form I-220A instead

of being granted a humanitarian parole. A notice to appear for removal proceedings was issued against the Plaintiff on July 26, 2021. Plaintiff was charged as being removable under Section 212 (a)(6)(A)(i) of the INA. More than a year after Plaintiff's physical entry, on April 28, 2023, a Form I-485 was filed with the USCIS under Section 1 of the CAA and as of today, Plaintiff has not received a decision from the USCIS.

83.    **MONTENEGRO FERNANDEZ, LILIBET -** is a native and citizen of Cuba who entered the United States through an unknown location, on or about March 16, 2022. Plaintiff was taken into DHS custody on or about this time. Plaintiff was put in removal proceedings under Section 236 of the INA and did not have the opportunity to request a credible fear interview with an asylum officer. The plaintiff was released on her own recognizance and was issued a Form I-220A instead of being granted a humanitarian parole. A notice to appear for removal proceedings was issued against the Plaintiff on March 21, 2022. Plaintiff was charged as being removable under Section 212 (a)(6)(A)(i) of the INA.

84.    **MEDINA ROMERO, LISANDRA -** is a native and citizen of Cuba who entered the United States through an unknown location, on or about January 22, 2022. Plaintiff was taken into DHS custody on or about this time. Plaintiff was put in removal proceedings under Section 236 of the INA and did not have the opportunity to request a credible fear interview with an asylum officer. The Plaintiff was released on her own recognizance and was issued a Form I-220A instead of being granted a humanitarian parole. A notice to appear for removal proceedings was issued against the Plaintiff on August 26, 2022. Plaintiff was charged as being removable under Section 212 (a)(6)(A)(i) of the INA.

85.    **MATOS PUPO, EVELIN -** is a native and citizen of Cuba who entered the United States through an unknown location, on or about January 30, 2022. Plaintiff was taken into DHS

custody on or about this time. Plaintiff was put in removal proceedings under Section 236 of the INA and did not have the opportunity to request a credible fear interview with an asylum officer. The plaintiff was released on her own recognizance and was issued a Form I-220A instead of being granted a humanitarian parole. A notice to appear for removal proceedings was issued against the Plaintiff on January 30, 2022. Plaintiff was charged as being removable under Section 212 (a)(6)(A)(i) of the INA. More than a year after Plaintiff's physical entry, on September 07, 2023, a Form I-485 was filed with the USCIS under Section 1 of the CAA and as of today, Plaintiff has not received a decision from the USCIS.

86.    **FIGUEREDO BERNAL, MAIKA ELINA -** is a native and citizen of Cuba who entered the United States through an unknown location, on or about May 13, 2022. Plaintiff was taken into DHS custody on or about this time. Plaintiff was put in removal proceedings under Section 236 of the INA and did not have the opportunity to request a credible fear interview with an asylum officer. The Plaintiff was released on her own recognizance and was issued a Form I-220A instead of being granted a humanitarian parole. A notice to appear for removal proceedings was issued against the plaintiff on May 13, 2022. Plaintiff was charged as being removable under Section 212 (a)(6)(A)(i) of the INA. More than a year after plaintiff's physical entry, on September 22, 2023, a Form I-485 was filed with the USCIS under Section 1 of the CAA and as of today, Plaintiff has not received a decision from the USCIS.

87.    **PADRON FERNANDEZ, ZULEINI LISBET -** is a native and citizen of Cuba who entered the United States through an unknown location, on or about March 14, 2021. Plaintiff was taken into DHS custody on or about this time. Plaintiff was put in removal proceedings under Section 236 of the INA and did not have the opportunity to request a credible fear interview with an asylum officer. The Plaintiff was released on recognizance and was issued a Form I-220A

27

instead of being granted a humanitarian parole. A notice to appear for removal proceedings was issued against the Plaintiff on April 7, 2021 Plaintiff was charged as being removable under Section 212 (a)(6)(A)(i) of the INA.

88.     **ALVAREZ PEREZ, YENNIER -** is a native and citizen of Cuba who entered the United States through Rio Grande, Texas, on or about May 18, 2019. Plaintiff was taken into DHS custody on or about this time. Plaintiff was put in removal proceedings under Section 236 of the INA and did not have the opportunity to request a credible fear interview with an asylum officer. The Plaintiff was released on recognizance and was issued a Form I-220A instead of being granted a humanitarian parole. A notice to appear for removal proceedings was issued against the Plaintiff on June 26, 2019. Plaintiff was charged as being removable under Section 212 (a)(6)(A)(i) of the INA. More than a year after Plaintiff's physical entry, on May 1, 2023, a Form I-485 was filed with the USCIS under Section 1 of the CAA and as of today, Plaintiff has not received a decision from the USCIS.

89.     **TORRES PEREZ, YUDDIEL -** is a native and citizen of Cuba who entered the United States through San Ysidro, California, on or about June 10, 2022. Plaintiff was taken into DHS custody on or about this time. Plaintiff was put in removal proceedings under Section 236 of the INA and did not have the opportunity to request a credible fear interview with an asylum officer. The Plaintiff was released on recognizance and was issued a Form I-220A instead of being granted a humanitarian parole. A notice to appear for removal proceedings was issued against the Plaintiff on June 11, 2022. Plaintiff was charged as being removable under Section 212 (a)(6)(A)(i) of the INA.

90.     **MARTIN MENDEZ, LENIA LAZARA -** is a native and citizen of Cuba who entered the United States through San Ysidro, California, on or about June 10, 2022. Plaintiff was

taken into DHS custody on or about this time. Plaintiff was put in removal proceedings under section 236 of the INA and did not have the opportunity to request a credible fear interview with an asylum officer. The plaintiff was released on her own recognizance and was issued a Form I-220A instead of being granted a humanitarian parole. A notice to appear for removal proceedings was issued against the plaintiff on June 11, 2022. Plaintiff was charged as being removable under Section 212 (a)(6)(A)(i) of the INA.

91.    **HEVIA ALAMO, MAGDIEL -** is a native and citizen of Cuba who entered the United States through Del Rio, Texas, on or about September 21, 2021. Plaintiff was taken into DHS custody on or about this time. Plaintiff was put in removal proceedings under Section 236 of the INA and did not have the opportunity to request a credible fear interview with an asylum officer. The Plaintiff was released on his own recognizance and was issued a Form I-220A instead of being granted a humanitarian parole. A notice to appear for removal proceedings was issued against the Plaintiff on May 29, 2022. Plaintiff was charged as being removable under Section 212 (a)(6)(A)(i) of the INA. More than a year after Plaintiff's physical entry, on October 04, 2022, a Form I-485 was filed with the USCIS under Section 1 of the CAA. On November 29, 2022, Plaintiff received a notice of administrative closure from the USCIS.

92.    **ORDONEZ HERRERA, YARENI -** is a native and citizen of Mexico who entered the United States through Del Rio, Texas, on or about September 21, 2021, she is derivative and spouse of Cuban citizen.  Plaintiff was taken into DHS custody on or about this time. Plaintiff was put in removal proceedings under Section 236 of the INA and did not have the opportunity to request a credible fear interview with an asylum officer. The plaintiff was released on his own recognizance and was issued a Form I-220A instead of being granted a humanitarian

parole. A notice to appear for removal proceedings was issued against the Plaintiff on September 27, 2021. Plaintiff was charged as being removable under Section 212 (a)(6)(A)(i) of the INA.

93.　　**H-V-A (a minor child) -** is a native and citizen of Mexico who entered the United States through Del Rio, Texas, on or about September 21, 2021. She is a derivative and child of Cuban citizen **HEVIA ALAMO, MAGDIEL**. Plaintiff was taken into DHS custody on or about this time. Plaintiff was put in removal proceedings under Section 236 of the INA and did not have the opportunity to request a credible fear interview with an asylum officer. The Plaintiff was released on recognizance and was issued a Form I-220A instead of being granted a humanitarian parole. A notice to appear for removal proceedings was issued against the Plaintiff on September 27, 2021. Plaintiff was charged as being removable under Section 212 (a)(6)(A)(i) of the INA.

94.　　**ALAMO GALVEZ, ELBA -** is a native and citizen of Cuba who entered the United States through Del Rio, Texas, on or about September 21, 2021. Plaintiff was taken into DHS custody on or about this time. Plaintiff was put in removal proceedings under Section 236 of the INA and did not have the opportunity to request a credible fear interview with an asylum officer. The plaintiff was released on her own recognizance and was issued a Form I-220A instead of being granted a humanitarian parole. A notice to appear for removal proceedings was issued against the Plaintiff on September 27, 2021. Plaintiff was charged as being removable under Section 212 (a)(6)(A)(i) of the INA. More than a year after Plaintiff's physical entry, on November 4, 2022, a Form I-485 was filed with the USCIS under Section 1 of the CAA. On December 29, 2022, Plaintiff received a notice of administrative closure from the USCIS.

**C.**　　**Class C:**

95.　　**GONZALEZ ALONSO, ARIANNA -** is a native and citizen of Cuba who entered the United States through Del Rio Texas, on or about September 20, 2021. Plaintiff was taken into

30

DHS custody on or about this time. Plaintiff was put in removal proceedings under Section 236 of the INA and did not have the opportunity to request a credible fear interview with an asylum officer. The Plaintiff was released on recognizance and was issued a Form I-220A instead of being granted humanitarian parole. When applying for entrance, Plaintiff was separated from her nuclear family to wit: A 220-570-971 her spouse was paroled into the United States. A notice to appear for removal proceedings was issued against the Plaintiff on September 20, 2021. Plaintiff was charged as being removable under Section 212 (a)(6)(A)(i) of the INA. More than a year after Plaintiff's physical entry, on September 26, 2022, a Form I-485 was filed with the USCIS under Section 1 of the CAA and as of today, Plaintiff has not received a decision from the USCIS.

96.    **BASULTO RIVERO, YOSBEL -** is a native and citizen of Cuba who entered the United States through Del Rio Texas, on or about February 12, 2022. Plaintiff was taken into DHS custody on or about this time. Plaintiff was put in removal proceedings under Section 236 of the INA and did not have the opportunity to request a credible fear interview with an asylum officer. The Plaintiff was released on his own recognizance and was issued a Form I-220A instead of being granted humanitarian parole. When applying for entrance, Plaintiff was separated from his nuclear family to wit: A 240-747-894, A: 232-417-913, and A: 232-417-912 wife, daughter and son who were paroled into the United States. A notice to appear for removal proceedings was issued against the Plaintiff on February 13, 2022. Plaintiff was charged as being removable under Section 212 (a)(6)(A)(i) of the INA.

97.    **MEDINA FERRER, ALEXANDER LAZARO -** is a native and citizen of Cuba who entered the United States through Eagle Pass Texas, on or about July 12, 2022. Plaintiff was taken into DHS custody on or about this time. Plaintiff was put in removal proceedings under Section 236 of the INA and did not have the opportunity to request a credible fear interview with

an asylum officer. The Plaintiff was released on his own recognizance and was issued a Form I-220A instead of being granted humanitarian parole. When applying for entrance, Plaintiff was separated from his nuclear family to wit: A 241-825-989 his spouse who was paroled into the United States. A notice to appear for removal proceedings was issued against the Plaintiff on July 14, 2022. Plaintiff was charged as being removable under Section 212 (a)(6)(A)(i) of the INA. More than a year after Plaintiff's physical entry, on December 13, 2023, a Form I-485 was filed with the USCIS under Section 1 of the CAA and as of today, plaintiff has not received a decision from the USCIS.

98.    **PAREDES SANCHES, MAYRA MILAGRO -** is a native and citizen of Cuba who entered the United States through San Luis Arizona, on or about October 8, 2022. Plaintiff was taken into DHS custody on or about this time. Plaintiff was put in removal proceedings under Section 236 of the INA and did not have the opportunity to request a credible fear interview with an asylum officer. The Plaintiff was released on recognizance and was issued a Form I-220A instead of being granted humanitarian parole. When applying for entrance, Plaintiff was separated from his nuclear family to wit: A 241-867-135 his spouse who was paroled into the United States. A notice to appear for removal proceedings was issued against the Plaintiff on October 11, 2022. Plaintiff was charged as being removable under Section 212 (a)(6)(A)(i) of the INA.

99.    **GIL MARTINEZ, ARTURO EMILIO -** is a native and citizen of Cuba who entered the United States through San Luis Arizona, on or about June 25, 2021. Plaintiff was taken into DHS custody on or about this time. Plaintiff was put in removal proceedings under Section 236 of the INA and did not have the opportunity to request a credible fear interview with an asylum officer. The plaintiff was released on his own recognizance and was issued a Form I-220A instead of being granted humanitarian parole. When applying for entrance, Plaintiff was separated from

his nuclear family to wit: A 220-369-212 his spouse who was paroled into the United States. A notice to appear for removal proceedings was issued against the plaintiff on July 13, 2021. Plaintiff was charged as being removable under Section 212 (a)(6)(A)(i) of the INA.

100.    **GONZALEZ OCHOA, YANELA -** is a native and citizen of Cuba who entered the United States through San Luis Arizona, on or about August 22, 2022. Plaintiff was taken into DHS custody on or about this time. Plaintiff was put in removal proceedings under Section 236 of the INA and did not have the opportunity to request a credible fear interview with an asylum officer. The Plaintiff was released on her own recognizance and was issued a Form I-220A instead of being granted humanitarian parole. When applying for entrance, plaintiff was separated from her nuclear family to wit: A 240-273-610 her spouse who was paroled into the United States. A notice to appear for removal proceedings was issued against the plaintiff on August 24, 2022. Plaintiff was charged as being removable under Section 212 (a)(6)(A)(i) of the INA.

<u>**CLAIMS FOR RELIEF**</u>

**COUNT 1 - ABUSE OF AGENCY DISCRETION**

101.    The allegations in Paragraphs 1-101 are re-alleged and reincorporated herein.

102.    The Department of Homeland Security, through Immigration and Customs Enforcement, has refused to grant humanitarian parole under Section 212(d)(5)(a) and has thus precluded the proposed classes from obtaining residency under the Cuban Adjustment Act.

103.    The Plaintiffs in the proposed classes have "suffer[ed] legal wrong" and have been "adversely affected" and "aggrieved" by the actions of the defendants 5 U. S. C. § 702.

104.    The Defendant's refusal to grant humanitarian parole under Section 212(d)(5)(a) to the proposed classes amounts to agency action that is "arbitrary, capricious, an abuse of discretion [and] otherwise not in accordance with law." § 706(2)(A).

105.    As such, the plaintiffs and the proposed classes are entitled to injunctive and declaratory relief as the Court deems appropriate.

## COUNT 2 - LACK OF REASONED CONSIDERATION

106.    The allegations in Paragraphs 1-106 are re-alleged and reincorporated herein.

107.    The Department of Homeland Security, through Immigration and Customs Enforcement, has refused to grant humanitarian parole under Section 212(d)(5)(a) and has thus precluded the proposed classes from obtaining residency under the Cuban Adjustment Act.

108.    The Plaintiffs in the proposed classes have "suffer[ed] legal wrong" and have been "adversely affected" and "aggrieved" by the actions of the defendants. 5 U. S. C. § 702.

109.    Immigration and Customs Enforcement agents' blanket refusal to grant humanitarian parole under Section 212(d)(5)(a) to the proposed classes stands in opposition to agency guidance and amounts to agency action that lacks reasoned consideration.

110.    As such, the Plaintiffs and the proposed classes are entitled to injunctive and declaratory relief as the Court deems appropriate.

## COUNT 3 - IMPERMISSIBLE CONSTRUCTION OF THE STATUTES

111.    The allegations in Paragraphs 1-111 are re-alleged and reincorporated herein.

112.    The Department of Homeland Security, through Immigration and Customs Enforcement, has refused to grant humanitarian parole under Section 212(d)(5)(a) and has thus precluded the proposed classes from obtaining residency under the Cuban Adjustment Act.

113.    The Plaintiffs in the proposed classes have "suffer[ed] legal wrong" and have been "adversely affected" and "aggrieved" by the actions of the defendant. 5 U. S. C. § 702.

114.    The Defendant's blanket refusal to grant humanitarian parole under Section 212(d)(5)(a) to the proposed classes amounts to an impermissible construction of Section violates

Sections 235 and 236, 212(a)(6)(A)(i) and 212(a)(7)(A)(i) Cuban Refugee Adjustment Act of 1966 (CAA).

115.    Despite public statements indicating support for Cuban people emigrating to the United States, the Department of State has allowed this rampant abuse of discretion and allowed an immigration situation that denies hundreds of thousands of Cubans from protection under the CAA.

## PRAYER FOR RELIEF

Based upon the foregoing, the plaintiffs pray that the Court grant the following relief:

(a)    Assume jurisdiction over this matter;

(b)    Certify the proposed class, appoint the named plaintiffs as class representatives, and appoint the undersigned as class counsel;

(c)    Order the defendants to identify all other class members who have been denied humanitarian parole;

(d)    Declare that the Plaintiffs and the other class members should have been granted humanitarian parole under Section 212(d)(5)(a).

(e)    any and all other relief that the Court deems appropriate.

Dated:  March 15, 2024                    */s/ Carlos Dantes Mejias*

Carlos Dantes Mejias
State Bar No. 24094841
Mejias & Associates PLLC
11451 Katy Freeway, Suite 505
Houston, Texas 77079
Office: (832) 930-9983
cdm@mejiasassociates.com

*Counsel for Plaintiffs*